## ALSTON vs. BRASHEARS.

Under the territorial law concerning interest, if a party contracted for a higher rate of interest than six per centum per annum, he could only recover the principal, unless the rate of interest was stipulated in the contract, in writing, in which case it might be as high as ten per cent.

If the rate of interest, stipulated in writing, was higher than ten per cent., only the principal could be recovered.

THIS was an action of debt, by petition, tried in the Johnson Circuit Court, in June, 1840, before the Hon. RICHARD C. S. BROWN, one of the Circuit Judges. It was founded on a bond, executed in June, 1836, bearing interest from date at twelve and a half per cent. per annum. Judgment by default for the debt and damages. The damages are stated, in the record, to have been estimated at twelve and a half per cent., *by consent of the parties.* The debt adjudged being for too much, the defendant in error *remitted* the excess, and so much of the damages as exceeded interest at ten per centum per annum.

The plaintiff in error still prosecuting his suit, the case was argued here by *Ashley & Watkins,* for the plaintiff in error, and *Pike & Baldwin,* contra.

*By the Court,* DICKINSON, J. The writing sued on was executed prior to the enactment of our present Revised Code; and the whole case rests upon the 3d section of the act entitled " Interest," in *Steele & McCampbell's Digest, p.* 311: that where a party contracts for a higher rate of interest than six per centum per annum, for the loan of money, he shall not be entitled to any damages by way of interest; consequently, the plaintiff below can only have judgment for the original amount loaned. The preceding section, *p.* 310, allows interest not exceeding ten per centum per annum, when it is so expressed in the agreement; but, as the contract, in this instance, is for a greater rate of interest than ten per centum per annum, it does not come within its provision.

Judgment reversed.